UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OSCAR SIFUENTES,                    ) 1:10-cv—02233-OWW-SKO-HC
                                    )
              Petitioner,           ) FINDINGS AND RECOMMENDATIONS
                                    ) TO GRANT RESPONDENT'S MOTION TO
                                    ) DISMISS THE PETITION (DOCS. 12,
     v.                             ) 1), TO DISMISS THE PETITION
                                    ) WITHOUT LEAVE TO AMEND FOR
J. D. HARTLEY,                      ) FAILURE TO STATE A COGNIZABLE
                                    ) CLAIM, AND TO DECLINE TO ISSUE
              Respondent.           ) A CERTIFICATE OF APPEALABILITY
                                    )
_____) **OBJECTIONS DEADLINE:**
                                      **THIRTY (30) DAYS**

     Petitioner is a state prisoner proceeding pro se and in
forma pauperis with a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  The matter has been referred to the
Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
Rules 302 and 304.  Pending before the Court is Respondent's
motion to dismiss the petition, which was filed and served by
mail on Petitioner on January 28, 2011.  (Doc. 12, 4.)  No
opposition or notice of non-opposition to the motion was filed.

     I.   Consideration of the Motion to Dismiss

     Because the petition was filed after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, before an answer was filed, the United States

Supreme Court decided <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859 (2011), which appears to apply to the petition in the case before the Court.  Within a few days of the decision, Respondent filed a motion to dismiss the petition because the petition does not state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

The material facts pertinent to the motion are to be found in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute.  Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  <u>Background</u>

In the petition filed on December 2, 2010, Petitioner alleges that he was an inmate of the Avenal State Prison at Avenal, California, serving a sentence of twenty-seven (27) years to life imposed by the Fresno County Superior Court upon Petitioner's conviction in May 1984 of first degree murder with the use of a firearm.  (Pet. 1.)  Petitioner challenges the decision of California's Board of Parole Hearings (BPH) rendered after a hearing held on October 7, 2009, finding Petitioner unsuitable for parole.  (Pet. 14.)  Petitioner also challenges the decisions of the state courts upholding the BPH's decision on the ground that the courts misapplied California's "some evidence" standard.  (Pet. 4.)

Petitioner raises the following claims in the petition concerning a denial of due process of law (pet. 14-30): 1) the

decisions of the state courts were contrary to, or involved an
unreasonable application of, clearly established federal law; 2)
the state court decisions were based on an unreasonable
determination of facts in light of the evidence presented (pet.
4); 3) the BPH failed to apply the correct standard of review or
misapplied the standard of review of parole suitability factors
set by California law (pet. 5); 4) the BPH failed to articulate a
rational nexus between the evidence and the finding that
Petitioner then presented a danger to the public safety because
in light of Petitioner's subsequent behavior and mental status,
the circumstances of the offense were no longer a reliable
indicator of dangerousness (pet. 5); 5) [also numbered as ground
three on pet. 6] Petitioner's commitment offense was no more
cruel or heinous than any other first degree murder and thus
reliance on it to deny parole might deny due process of law (pet.
6); and 6) [also numbered as ground four on pet. 6] the factors
cited by the BPH as supporting denial of parole do not
demonstrate current danger, and thus reliance thereon was an
abuse of discretion in view of Petitioner's history, his showing
of remorse and taking full responsibility for the offense, his
maturity, and a psychological evaluation concluding that he
presented a low risk of danger to the community (pet. 6).

     The transcript of the parole hearing held on October 7,
2009, demonstrates that Petitioner received documents before the
hearing and was given an opportunity to clarify or correct the
record (pet. 38-39, 41), attended the hearing (pet. 33, 36),
voluntarily chose not to discuss any matter with the BPH on the
day of the hearing, and declined to make a closing statement.

(Pet. 41-42, 50, 60.)  An attorney appeared at the hearing and advocated on Petitioner's behalf, which included giving a closing statement in favor of parole.  (Pet. 36, 41, 45, 47, 55-60.) Petitioner's attorney was given opportunities for input with respect to factors of parole suitability.  (Pet. 45, 47.) The BPH considered the information reflected in the transcripts, Petitioner's C-File, and the BPH's files.  (Pet. 43-50.)

Petitioner was present when the BPH gave its reasons for denying parole for three years, which included the commitment offense, involvement of multiple victims and drug use, Petitioner's criminal history, unstable social history, failure on previous grants of probation and after incarceration in the county jail, drug and alcohol use, the prosecutor's opposition to release, and the uncertainty of Petitioner's insight, attitude toward the crime, and understanding of the nature and magnitude of the offense.  (Pet. 61-71.)

III.   <u>Failure to Allege a Claim Cognizable on Habeas Corpus</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,

16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, – S.Ct. –, 2011 WL 197627, *2 (No. 10-133, Jan. 24, 2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners. (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In <u>Greenholtz</u>, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

<u>Swarthout</u>, 2011 WL 197627, *2.  The Court concluded that the

petitioners had received the process that was due:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

<u>Swarthout</u>, 2011 WL 197627, *3.  The Court in <u>Swarthout</u> expressly

noted that California's "some evidence" rule is not a substantive

federal requirement, and correct application of California's

"some evidence" standard is not required by the federal Due

Process Clause.  <u>Id.</u> at *3.

In his third through sixth claims, Petitioner is alleging

that California's "some evidence" rule was not correctly applied

and that the record lacks some evidence to support the BPH's

conclusion that Petitioner presented a danger to the public and

to society.  However, Petitioner does not state facts that point

to a real possibility of constitutional error or that otherwise

would entitle Petitioner to habeas relief because California's

"some evidence" requirement is not a substantive federal

requirement.  <u>Swarthout</u>, 2011 WL 197627, *3.  Review of the

record for "some evidence" to support the denial of parole is not

within the scope of this Court's habeas review under 28 U.S.C. §

2254.

1    Petitioner's allegations and conclusions also rest in

2    significant part on state statutory, regulatory, and case law.

3    To the extent that Petitioner's claims rest on state law,

4    they are not cognizable on federal habeas corpus.  Federal habeas

5    relief is not available to retry a state issue that does not rise

6    to the level of a federal constitutional violation.  Wilson v.

7    Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v.

8    McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the

9    application of state law are not cognizable in federal habeas

10   corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

11   Petitioner's first and second claims concerning the

12   decisions of the state courts likewise fail to state grounds for

13   habeas corpus relief.  Because the BPH violated no clearly

14   established federal law in its decision, a state court decision

15   upholding the BPH's determinations logically would not violate

16   clearly established federal law.  Likewise, because federal

17   habeas review does not extend to the adequacy of the evidentiary

18   basis for the BPH's findings, a state court's upholding the

19   findings of the BPH would not constitute an unreasonable

20   determination of the facts.

21   The Court notes that Petitioner does not allege that the

22   procedures used for determination of his suitability for parole

23   were deficient because of the absence of either an opportunity to

24   be heard or a statement of reasons for the ultimate decision

25   reached.  The Court further notes that Petitioner attended the

26   parole hearing before the BPH, voluntarily declined to make any

27   statements to the BPH, and was represented by an attorney who was

28   present at the hearing and advocated on Petitioner's behalf.

Petitioner received a statement of the Board's reasons for denying parole.

It thus appears from the face of the petition and supporting documentation that Petitioner was not denied parole without the requisite due process of law.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

As Petitioner received all process that was due, Petitioner is unable to state a tenable due process claim. Accordingly, it will be recommended that the petition be dismissed without leave to amend for the failure to allege facts that point to a real possibility of constitutional error or that would otherwise entitle Petitioner to habeas relief.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336

(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  Slack v. McDaniel,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  Id.  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  Miller-El v.
Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, it will be
recommended that the Court decline to issue a certificate of
appealability.

V.  Recommendation

In summary, the Court concludes that Respondent correctly
contends that no cognizable claim is stated in the petition.

Accordingly, it is RECOMMENDED that:

1)   Respondent's motion to dismiss the petition be GRANTED; and

2)   The petition for writ of habeas corpus be DISMISSED without leave to amend because Petitioner has failed to state a claim cognizable on habeas corpus; and

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the action because this order terminates the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 27, 2011          _____/s/ Sheila K. Oberto_____
                              UNITED STATES MAGISTRATE JUDGE